J-S10035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARLOS R. LOPEZ-MALAVE | : | |
| | : | |
| Appellant | : | No. 577 MDA 2024 |

Appeal from the PCRA Order Entered January 31, 2024
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000342-2007

BEFORE: BOWES, J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED: JUNE 10, 2025**

Carlos R. Lopez-Malave ("Lopez-Malave") appeals *pro se* from the order dismissing his serial petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

In April 2008, a jury convicted Lopez-Malave of second-degree murder and related offenses. *See Commonwealth v. Lopez-Malave*, 4 A.3d 695 (Pa. Super. 2010) (unpublished memorandum). The trial court subsequently sentenced Lopez-Malave to an aggregate sentence of life in prison. *See id.* at 2. Lopez-Malave filed a direct appeal, which this Court dismissed for failure to file a brief. *See id.* Lopez-Malave filed a PCRA seeking reinstatement of his appeal rights, which the court granted. *See id.*

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

On June 22, 2010, this Court affirmed the judgment of sentence. *See id*. at 1. The Pennsylvania Supreme Court denied leave to appeal on June 20, 2011. *See Commonwealth v. Lopez-Malave*, 23 A.3d 1055 (Pa. 2011).

Lopez-Malave subsequently has filed several, unsuccessful PCRA petitions. He filed the instant petition *pro se* on August 23, 2023, contending he sought transcription of an August 3, 2012, evidentiary hearing[2] but could not obtain the transcript because Dauphin County stenographers' notes are destroyed after seven years. *See* PCRA Petition, 8/23/23, at 2-8; Response to Rule 907 Notice, 1/29/24, at 1 (unnumbered). Lopez-Malave maintains he required the transcript because the assistant district attorney made an unspecified statement at the hearing which allegedly contradicted an unspecified statement made at trial. *See id.*

The PCRA court subsequently issued a notice of intent to dismiss Lopez-Malave's petition pursuant to Pa.R.Crim.P. 907. Lopez-Malave filed a response to the notice which alleged he received ineffective assistance from original PCRA counsel.[3] *See* Response to Rule 907 Notice, 1/29/24, at 1

---

[2] We are unable to discern from Lopez-Malave's PCRA petition whether the evidentiary hearing in question involved him or his co-defendant. *See* PCRA Petition, 8/23/23, at 2-8; Response to Rule 907 Notice, 1/29/24, at 1 (unnumbered). He does not clarify the issue in his brief. *See* Lopez-Malave's Brief, at 6-8.

[3] Lopez-Malave abandons this claim on appeal.

(unnumbered). In January 2024, the PCRA court dismissed the petition. This timely[4] appeal followed.[5]

Lopez-Malave raises three issues for our review:

1. Whether [Lopez-Malave] is entitled to relief based on newly discovered evidence of evidentiary hearing that transcript does not exist and w[as] destroyed [sic]?

2. Whether [Lopez-Malave's] claims of prosecutorial misconduct and cumulative error entitle him to [an] evidentiary hearing or relief under the PCRA?

3. Whether the [PCRA] court erred in dismissing [Lopez-Malave's] fourth PCRA petition as untimely despite exceptions for newly discovered evidence and due process claims?

Lopez-Malave's Brief at 3 (capitalization and punctuation regularized).

Our standard of review of an order dismissing a PCRA petition is well settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are

---

[4] The record reflects the Dauphin County Clerk of Courts did not serve a copy of the dismissal order on Lopez-Malave but sent it to an attorney who last represented Lopez-Malave in 2007. As this constitutes a breakdown in the trial court, we deem Lopez-Malave's appeal to be timely filed. **See Commonwealth v. Midgley**, 289 A.3d 1111, 1117 (Pa. Super. 2023) (declining to quash appeal as untimely where the criminal court docket reflected the order was sent to a prior counsel and did not show the date of service of the order on the appellant).

[5] The PCRA court did not order Lopez-Malave to file a Rule 1925(b) statement. It adopted its Rule 907 notice as its opinion.

supported by the record. However, we review the PCRA court's
legal conclusions *de novo*.

***Commonwealth v. Staton***, 184 A.3d 949, 954 (Pa. 2018) (internal citations

and quotation marks omitted). The PCRA petitioner "has the burden to

persuade this Court that the PCRA court erred and that such error requires

relief." ***Commonwealth v. Wholaver***, 177 A.3d 136, 144–45 (Pa. 2018).

Further, "it is well settled that this Court may affirm a valid judgment or order

for any reason appearing as of record." ***Id***. at 145 (internal citation omitted).

We must initially determine whether the PCRA court had jurisdiction to

adjudicate Lopez-Malave's petition. Under the PCRA, any petition "including

a second or subsequent petition, shall be filed within one year of the date the

judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). The PCRA's

timeliness requirements are jurisdictional in nature, and a court may not

address the merits of the issues raised if the PCRA petition was not timely

filed. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Pennsylvania courts may nevertheless consider an untimely PCRA petition if

the petitioner can plead and prove one of three exceptions set forth in section

9545(b)(1)(i)-(iii).

Lopez-Malave's judgment of sentence became final on September 19,

2011,[6] when ninety days passed from the date the trial court entered the

---

[6] September 18, 2011, was a Sunday.

judgment of sentence and Lopez-Malave did not file a petition for a writ of *certiorari* with the United States Supreme Court. *See* U.S.Sup.Ct.R. 13.1 (stating that a petitioner has ninety days to file petition for writ of *certiorari* to the United States Supreme Court); *see also* 42 Pa.C.S.A. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). Accordingly, Lopez-Malave had until September 19, 2012, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Lopez-Malave's serial PCRA petition, filed in August 2023, is facially untimely.

Lopez-Malave states his claim falls within the newly discovered fact exception to the PCRA's timeliness requirements. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii);[7] *see also* Lopez-Malave's Brief, at 6-8. The Pennsylvania Supreme Court has repeatedly stated it is the appellant's burden to plead and offer to prove in the petition itself that one of the above-enumerated exceptions applies. *See, e.g.*, *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008); *Commonwealth v. Wharton*, 886 A.2d 1120, 1126 (Pa. 2006). Additionally, a petitioner must also demonstrate he raised his

_____

[7] This exception applies when "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii).

claim within one year of the time his claim could have been presented with the exercise of due diligence.

Lopez-Malave's petition makes only bald assertions of unspecified, newly discovered facts. *See* Lopez-Malave's Brief at 6-8. His claim fails for that reason alone. *See Abu-Jamal*, 941 A.2d at 1268; *Wharton*, 886 A.2d at 1126. Further Lopez-Malave has not shown he exercised due diligence in obtaining these unspecific, allegedly new facts. A petitioner must "demonstrate he did not know the facts upon which he based his petition and could not have learned the new fact(s) earlier with the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015), citing 42 Pa.C.S.A. § 9545(b)(ii). Lopez-Malave fails to explain his failure to obtain the unspecific information at an earlier date. Thus, he failed to show he complied with the due diligence requirement of 42 Pa.C.S.A. § 9545(b)(1)(ii). *See id*. at 1041; *see also Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001) (rejecting an appellant's attempt to invoke section 9545(b)(1)(ii) because he failed to offer any evidence he exercised due diligence in obtaining facts upon which his claim was based); *Brown*, 111 A.3d at 178 (same). Lopez-Malave's claim does not merit relief and the PCRA court did not have jurisdiction to review the merits of his claim.

Accordingly, we affirm the denial of Lopez-Malave's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/10/2025